UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WARDEH SULTAN, | Case No. 08-11002 |
| Plaintiff, | Bernard A. Friedman |
| vs. | United States District Judge |
| ROUSH INDUSTRIES INC., | Michael Hluchaniuk |
| a Michigan Corporation, *et al.*, | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**ORDER GRANTING DEFENDANT'S MOTION
TO COMPEL RULE 35 MENTAL EXAMINATION**

**I.  PROCEDURAL HISTORY**

Plaintiff filed a complaint on March 10, 2008, seeking monetary damages based on allegations of discrimination. (Dkt. 1). The complaint lists causes of action under Title VII and under the Elliot Larson Civil Rights Act. Associated with both causes of action are claims of "mental anguish," "depression," and "extreme mental anguish" for which plaintiff seeks damages. *Id.*

The current motion to compel a Rule 35 mental examination was filed on November 3, 2008 by defendants Roush Industries, Inc., Roush Enterprises, Inc., Roush Management, LLC, and John Fields. (Dkt. 23). The motion seeks to compel plaintiff to attend a mental examination conducted by a physician who will

1

be paid a fee by defendants for his services. *Id*. The motion was referred to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A) on November 4, 2008. (Dkt. 25). A hearing on the motion was held via telephone conference on November 25, 2008.

## II. POSITION OF THE PARTIES

Defendants, the moving parties in this case, contend that plaintiff has alleged damages in her complaint relating to mental anguish and, therefore, they are entitled to require that she submit to an independent mental examination in the normal course of discovery. Defendants argue that such examinations are allowed under Rule 35. Plaintiff's response to the motion is that defendants have not demonstrated that this type of examination is warranted and, if the examination is allowed, that plaintiff should be permitted to either record the examination or have an attorney present during the examination.

## III. ANALYSIS

Rule 35 provides that a court "may order a party whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed.R.Civ.P. 35(a)(1). A motion for this purpose must be based on "good cause." Rule 35(a)(2)(A). "Rule 35 ... requires [that the trial judge] must decide, as an initial matter in every case, whether the

party requesting a mental or physical examination ... has adequately demonstrated the existence of the Rule's requirements on 'in controversy' and 'good cause.'" *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964). "[T]here are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts mental or physical injury ... places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.*

In this case, plaintiff alleges in her complaint that she suffered injuries including mental anguish, depression, and extreme mental anguish caused by the conduct of defendants. By making such an allegation, plaintiff has placed her mental condition "in controversy" and provided defendant with "good cause" for defendants to conduct a Rule 35 examination. No further showing is needed by defendants to meet the requirements of Rule 35 for a mental examination.[1]

The parties also disagree on the manner and conditions under which the examination will be conducted. Plaintiff requests that the examination be conducted with an attorney for plaintiff present or that the examination be recorded

---

[1] Rule 35 requires that the examination be conducted by a "suitably licensed or certified examiner," but there is no challenge here to the qualifications of the physician who has been identified as the "examiner" of plaintiff.

3

in some fashion. Defendants contend that only plaintiff and the physician should be present and that the examination should not be recorded, based on a concern of interference with the clinical assessment of the examining physician.

"[T]he general rule in federal court is that observers should not be allowed unless the person to be examined shows special need or good reason for the observer." *Miller v. Village of Pinckney*, 2008 WL 4190619, *2 (E.D. Mich. 2008), citing, *Zantello v. Shelby Twp.*, 2007 WL 737723 (E.D. Mich. 2007). Federal courts have been especially reluctant to approve of counsel's presence during a mental examination. *Miller*, *2, citing, *Di Bari v. Incaica Cia Armadora, S.A.*, 126 F.R.D. 12 (E.D.N.Y. 1989). This standard places the burden on the person being examined to demonstrate a special need or good reason for having an observer present during the examination or for recording the examination. Plaintiff has not established a special need or provided a good reason to vary from the general rule. Plaintiff is an intelligent adult who is apparently capable of communicating with the examining physician. Plaintiff's counsel stressed that an examination of this nature is not really "independent." In some respects, that may be true because the physician has been hired by defendants to conduct the examination. However, Rule 35 does not require an "independent" examination

4

and, therefore, whether the examination is truly "independent" is not relevant to whether an observer should be present during a Rule 35 examination.

## IV. CONCLUSION

Based on foregoing, defendants' motion to compel (Dkt. 23) is **GRANTED**. The parties are directed to agree on a date for the Rule 35 mental examination, which should be completed as soon as reasonably possible. Neither recording of the examination nor observers are permitted.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate Judge.

Date: December 10, 2008
                s/Michael Hluchaniuk
                Michael Hluchaniuk
                United States Magistrate Judge

# CERTIFICATE OF SERVICE

I certify that on December 10, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Andrew S. Doctoroff, Tara E. Mahoney, and Matthew L. Turner, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant: Argyrios E. Tsakalakis, Turner & Turner, 26000 W. Twelve Mile Road, Southfield, MI 48034.

> s/James P. Peltier
> Courtroom Deputy Clerk
> U.S. District Court
> 600 Church Street
> Flint, MI 48502
> (810) 341-7850
> pete_peltier@mied.uscourts.gov